```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALEXANDER KAPLAN,

                        Plaintiff,                08-CV-6145T

         v.                                       **DECISION
                                                  and ORDER**
UNITED STATES POSTAL SERVICE,

                        Defendant.
_____
```

**INTRODUCTION**

Plaintiff Alexander Kaplan ("Kaplan") brings this action against defendant United States Postal Service (the "USPS") seeking damages for a package he sent to Moscow, Russia that was allegedly lost by the defendant. According to the plaintiff, the defendant breached a contract by failing to deliver the package, and by failing to properly investigate the loss of the package.

The USPS moves for summary judgment against Kaplan claiming that it can not be held liable to him under a breach of contract theory. Rather, the defendant contends that Kaplan is limited to statutory damages set forth by the USPS in its regulations for the loss of his package, and contends that pursuant to those regulations, plaintiff is entitled to $43.73 for the loss of the package. Plaintiff opposes defendant's motion on grounds that the limitation of liability regulations cited by the USPS do not apply, and that there are material facts in dispute which preclude a grant of summary judgment. For the reasons set forth below, I grant

defendant's motion for summary judgment, and dismiss the plaintiff's Complaint.

**BACKGROUND**

Plaintiff Alexander Kaplan was born in 1929 in Belorussia, and in 1994, emigrated from the Ukraine to the United States. In 2007, Kaplan, who is an Architect by training and who writes as a hobby, wrote a story entitled "Rhapsody of Life." Kaplan sought to have the story published in a Russian-language magazine, and in furtherance of this ambition, contacted the New York City office of *Alef Magazine*, ("*Alef*") a Russian-language magazine based in Moscow, Russia. According to Kaplan, he was advised by an *Alef* magazine representative that if he wished to have a story published, he should send the story directly to the magazine's Moscow office for its consideration. Kaplan, who has never had any story of his published in any magazine, admits that he was not promised that his story would be published, or that he would be paid for his story.

Prior to contacting *Alef*, Kaplan had hired a Russian-speaking typist to type out the story, which Kaplan had written by hand. According to Kaplan, the final typed version of the story was over 30 pages in length.

On November 27, 2007, Kaplan mailed the story to the Moscow headquarters of *Alef* via USPS first-class registered mail. He did not make a copy of the story prior to sending it to *Alef*.

Plaintiff declined to purchase insurance for the parcel, and listed the value of the parcel's contents as "[$]0". A few weeks after sending the manuscript to *Alef*, he contacted the editor-in-chief of the magazine to inquire whether or not she had received and considered his manuscript. She informed him that she had not received his story.

Thereafter, Kaplan made an inquiry to the post office regarding the whereabouts of his package. According to Kaplan, a postal employee took his name and information, but no USPS representative ever contacted him regarding the package. According to the USPS, Kaplan never made a claim for reimbursement based on the lost package.[1] The USPS further claims that postal records indicate that Kaplan's package was sent to Moscow via airmail on December 4, 2007, departing from John F. Kennedy Airport in New York, New York.

On April 2, 2008, plaintiff filed the instant action claiming that the USPS failed to deliver two "important" letters that he mailed to Moscow, Russia. He contended in his Complaint that he brought the action to "find out why [his] letters . . . were never delivered" and for compensation for "the negative impact these incidents have caused my health and for the loss of important

---

[1] Although defendant contends that the plaintiff did not properly file a claim for the loss of his package, for purposes of its motion for summary judgment, it concedes this point and assumes only for purposes of this motion that plaintiff did file a timely, proper claim for his lost parcel.

documents." Complaint at p. 6. On October 30, 2008, the court assigned two attorneys to represent the plaintiff pro bono. On May 21, 2009, counsel filed an Amended Complaint claiming that the plaintiff was damaged as a result of the defendant's failure to properly deliver his parcel to *Alef Magazine*, in Moscow, Russia, and failure to properly investigate his claim regarding the lost parcel, all in breach of its contractual obligations to the plaintiff.

**DISCUSSION**

I. Summary Judgment Standard

Rule 56c of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought. Scott v. Harris, 550 U.S. 372, 380 (2007). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. Scott, 550 U.S. at 380 (citing Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986).

II. <u>Plaintiff's Damages for Lost Mail are Limited by Statute</u>

The United States Postal Service "is liable to the owners of lost or damaged mail only to the extent to which it has consented to be liable, and the extent of its liability is defined by the Postal Laws and Regulations." <u>Twentier v. U.S.</u>, 109 F.Supp. 406, 408-09 (Ct.Cl., 1953); <u>Barton v. U.S. Postal Service</u>, 615 F.Supp.2d 790, 793 (N.D.Ind., 2009). While the USPS may be sued under a breach of contract theory for losing mail to which it was entrusted for delivery, "traditional contract doctrine does not apply to postal insurance because the 'postal insurance regulations are promulgated pursuant to statutory authority, and therefore have the force and effect of law.' " <u>Jamil v. USPS</u>, 2006 WL 988825, at *2 (N.D.Cal. Apr. 14, 2006) (citing <u>Ridgway Hatcheries, Inc. v. United States</u>, 278 F.Supp. 441, 443 (N.D.Oh., 1968)); <u>Barton</u>, 615 F.Supp. At 793-794.

In the instant case, postal regulations promulgated through the International Mail Manual ("IMM"), and incorporated by reference in the United States Code of Federal Regulations at 39 C.F.R. Sec. 20.1, govern the liability of the USPS for lost international mail. At the time plaintiff mailed his parcel, damages for loss of international mail was limited to $43.73. Because the USPS concedes that Kaplan's parcel was lost, Kaplan is entitled to a judgment in the amount of $43.73.

Plaintiff contends, however, that the defendant should be estopped from asserting the damages limitation set forth in the IMM because the postal service failed to follow the regulations set forth in the IMM for investigating his lost parcel.  According to the plaintiff, "[t]he defendant failed to follow the requirements of the postal regulations while dealing with Mr. Kaplan's claim for the loss of his package.  Therefore, it should be liable for the loss of the package based on the contract theory and should be prevented from using the regulation to limit its liability."  Plaintiff's Memorandum of Law at p. 11.  I find this argument to be without merit.

"The doctrine of equitable estoppel is not available against the government 'except in the most serious of circumstances,' United States v. RePass, 688 F.2d 154, 158 (2d Cir.1982), and is applied 'with the utmost caution and restraint,' Estate of Carberry v. Commissioner of Internal Revenue, 933 F.2d 1124, 1127 (2d Cir.1991)."  Drozd v. INS, 155 F.3d 81, 90 (2d Cir.1998); Rojas-Reyes v. I.N.S., 235 F.3d 115, 125 (2nd Circ., 2000).  To assert a claim of estoppel against a government agency, in addition to establishing the traditional elements of an estoppel claim,[2] the

---

[2] The traditional elements of an equitable estoppel claim are"(I) 'the defendant made a definite misrepresentation of fact, and had reason to believe that the plaintiff would rely on it'; and (ii) 'the plaintiff reasonably relied on that misrepresentation to his detriment.' " Wall v. Constr. & Gen. Laborers' Union, Local 230, 224 F.3d 168, 176 (2d Circ., 2000) (quoting Buttry v. Gen. Signal Corp., 68 F.3d 1488, 1493 (2d Cir.1995)).

party asserting estoppel must establish that the government engaged in "affirmative misconduct." Premo v. U.S., 599 F.3d 540, 547 (6th Circ., 2010) "Affirmative conduct 'is more than mere negligence. It is an act by the government that either intentionally or recklessly misleads the claimant.'" Premo v. U.S., 599 F.3d at 547 (quoting Mich. Express, Inc. v. United States, 374 F.3d 424, 427 (6th Circ., 2004)

In this case Kaplan has failed to establish that the USPS engaged in affirmative misconduct with respect to losing plaintiff's mail or failing to properly investigate the loss of plaintiff's mail. While the plaintiff alleges that the USPS failed to follow its own guidelines in conducting an inquiry into the lost parcel, such an allegation does not meet the threshold of affirmative misconduct that intentionally or recklessly misled Kaplan to his detriment. Accordingly, I find that the defendant is not estopped from asserting the limitation of liability set forth in the relevant postal regulations. Because estoppel is not available to the plaintiff to waive the limitation of liability, plaintiff is entitled only to the statutory limit of liability for his lost parcel, $43.73.

Plaintiff next argues that the limitations set forth in the IMM do not apply because the instant action is based on the USPS's alleged breach of a contract that was printed on the back of the receipt that the plaintiff received for sending his parcel via

registered mail (as opposed to sending the parcel via unregistered mail). According to the plaintiff, the contract set forth on the receipt provides an alternative basis for a breach of contract action that is not controlled or subject to the IMM regulations. I find, however, that the regulations are clear, and unquestionably apply to both registered and unregistered mail. See Lam v. United States Postal Service, 2006 WL 2729199, *4 (E.D.N.Y., Sept. 25, 2006)(registered mail subject to limitations of liability set forth in postal regulations). Accordingly, I grant defendant's motion for summary judgment.

## CONCLUSION

For the reasons set forth above, I find that plaintiff is entitled to damages of $43.73 for the loss of his registered mail package. Plaintiff's claim for breach of contract is denied, and his Amended Complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

s/ Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         October 19, 2010